65 F.3d 187
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gene E. TALBERT, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7034.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Gene E. Talbert's appeal for lack of jurisdiction. Talbert opposes.
 
 
 2
 In 1992, the Board of Veterans Appeals denied Talbert's request to reopen his claim of entitlement to an increased rating for pulmonary tuberculosis. The Board determined that previous decisions by the regional office (RO) and the Board that had denied an increased rating were not the product of clear and unmistakable error. The Board also found that Talbert had failed to submit any evidence relative to a claim for an increased rating. Talbert appealed to the Court of Veterans Appeals. The Court of Veterans Appeals affirmed the Board's decision, noting that it lacked jurisdiction to review final Board decisions for clear and unmistakable error. See 38 C.F.R. Sec. 3.105(a); 38 C.F.R. Sec. 20.1104; Smith v. Brown, 35 F.3d 1516, 1523 (Fed.Cir.1994). The court also determined that it lacked jurisdiction under the doctrine of res judicata to review Talbert's allegations of clear and unmistakable error in the 1952 regional office decision because that issue had been finally determined by the Board in 1981 and Talbert had not produced new and material evidence. Finally, the court concluded that it could not consider either Talbert's claim for a compensable rating for additional disability resulting from treatment of service-connected tuberculosis or his claim for a dependency allowance because those claims had not been raised before the Board. Talbert appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his brief, Talbert argues that the "adjudication of [his] 1952 cause of action on the basis of post-1968 law and definitions" was "clearly erroneous." However, the Court of Veterans Appeals did not review the 1952 decision because it determined that it lacked jurisdiction to do so. Talbert also argues that the Court of Veterans Appeals' failure to consider the issues not raised before the Board was a violation of his constitutional right to due process. Although Talbert frames his argument in constitutional terms, this court may only review the interpretation of a constitutional provision that the Court of Veterans Appeals relied on in its decision. In this case, the Court of Veterans Appeals did not rely on any constitutional provision in its decision. Finally, Talbert contends that the Court of Veterans Appeals should have reviewed the Board decisions for clear and unmistakable error and that the court should not have treated the 1981 Board decision as determinative of the issue of clear and unmistakable error in the 1952 RO decision. Essentially, Talbert seeks review of the Court of Veterans Appeals' application of the law to the facts of his case. As this court has no jurisdiction to conduct the inquiry that Talbert requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.